FISCHER, Respondent, vs. SCHUMACHER, Appellant.

*October 15, 1931—February 9, 1932.*

For the appellant there were briefs by *Schumacher & Schwemer* of Milwaukee, and oral argument by *Elmer F. Schumacher* and *Evan C. Schwemer*.

For the respondent there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* of counsel, and oral argument by *Leo Mann,* all of Milwaukee.

The following opinion was filed November 10, 1931:

OWEN, J. It will be noted that the contract entered into by the parties is but a mere skeleton in form. It specifies certain things which the contractor undertakes to perform, but contains no specifications with reference to the manner of performance, or the material to be used, or the plans to be followed. Under such circumstances it is not surprising that it was productive of more or less controversy between the parties. That there was such controversy, abun-

dantly appears from the record. The defendant found much fault with the manner in which the front porch was constructed, and still more fault with reference to the manner in which the rear-entrance stairway was built. There is much evidence to justify the dissatisfaction which the defendant undoubtedly entertained with reference to the manner in which the work was being prosecuted, and the record leaves the impression that it required "eternal vigilance" on the part of the defendant to secure the material and workmanship for which she had contracted.

Neither party should have entered into such a blind and indefinite contract, but the plaintiff, who was a contractor and builder, and who himself prepared the contract, should have held in greater anticipation than the defendant the controversies that were quite likely, if not certain, to arise; and justice requires that the defendant shall be protected from any loss arising from this unfortunate arrangement, so far as fixed rules of law applicable to the situation may be invoked for that purpose.

The finding of the court that the plaintiff "was prevented from completing performance of the work under the contract by the conduct and action of the defendant" cannot be disturbed, as we think that finding is not against the clear weight or great preponderance of the evidence. However, that finding does not go very far towards determining the rights of the parties, as it is not found that the defendant wrongfully prevented the plaintiff from completing performance of the work. It makes considerable difference with reference to plaintiff's right to recover whether the refusal to permit his continuance of the work was due to a breach of the contract on the part of the plaintiff or whether such refusal amounts to a breach of the contract on the part of the defendant. While the court made no express finding upon this question, we think it to be inferred from its judgment that a certain portion of the work at least was not in com-

pliance with the contract. As a basis of plaintiff's recovery, the court first ascertained the reasonable value of the services and material which the plaintiff had wrought into the building up to the time that the defendant interfered with the further prosecution of the work. However, recovery of that amount was not permitted. He deducted from that amount, according to his written opinion, "$350 which is to be the reasonable and necessary amount to complete the rear hall in a good and workmanlike manner, together with other small items." In the findings of fact, however, it is said that this $350 "is found to be the reasonable and necessary amount to complete the contract between plaintiff and defendant in a good and workmanlike manner." There is a discrepancy between the decision of the court and the findings of fact as to what this item of $350 represented. However, the evidence shows that the defendant had completed work on the rear entrance and stairway, and the evidence further shows that it was not at all built as the rear entrance of another building which the parties had taken as a plan for the same. An architect who had examined the work characterized the addition to the house as a barn or woodshed. We are very reluctant to believe that the court found that this rear entrance conformed to the provisions of the contract. On 'the other hand, it conclusively appears that it cost much more than $350 to complete the job. It cost $145 to put on the second coat of plaster, $115 to put on the second coat of paint, and the defendant paid more than $550 for carpenter work and material necessary to finish the job. For these reasons we think the trial court was of the view and determined that the rear entrance at least was not built in compliance with the contract. If this be true, a finding that the defendant unjustly interfered with the prosecution of the work could not be sustained. If the interference was justified, the right of the plaintiff to recover at all may be doubtful. He could recover on *quantum meruit* on the the-

ory of unjust enrichment if there were proof of a voluntary acceptance of his work. The acceptance, however, must be something besides the mere keeping and using it where there is no opportunity to return it. *Manning v. School District,* 124 Wis. 84, 102 N. W. 356. And in such case the recovery must have relation to the contract price. The defendant cannot be compelled to pay more for an inferior job than the contract price for a good one. The entire subject will be found treated in *Manning v. School District, supra.*

We do not feel like disposing of this case upon the record. The findings should be more definite upon the question of whether the defendant's interference with the prosecution of the work was unjustified, and whether plaintiff breached his contract, and if so, then the evidence should relate more fully to the question of whether there was a voluntary acceptance of the work, and there should be a finding upon that question also. There is no contention in the case, nor does the evidence show, that there was a substantial performance of the contract. The cause of action set forth in the complaint is based on contract. It is quite apparent that if the plaintiff can recover at all, it is upon *quantum meruit.* We suggest that the complaint should be amended in this particular.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on February 9, 1932.