**George HANN et al., Plaintiffs,**

**v.**

**Ben HARLOW doing business as Acme Hardwood Floor Co., Defendant.**

Civ. No. 64–523.

United States District Court
D. Oregon.

Feb. 27, 1967.

Ronald B. Lansing, Bailey, Swink, Haas & Lansing, Portland, Or., for plaintiffs.

Robert L. Dressler, Buhlinger & Dressler, Portland, Or., for defendant.

## OPINION AND ORDER

SOLOMON, Chief Judge:

Plaintiffs, trustees of the Oregon-Washington Carpenters-Employers Health and Welfare and Pension Trust Funds seek to recover contributions, liquidated damages and attorney's fees from the defendant.

Defendant contends that this Court lacks jurisdiction under § 301 Labor-Management Relations Act, 29 U.S.C.A. § 185(a) and that he has incurred no liability to the Funds.

Specifically, defendant contends that § 301 does not apply because the

plaintiffs are not a labor organization. At a joint hearing of this and other cases involving employee benefit trust funds, I held that this Court has jurisdiction in cases brought by the trustees to collect unpaid contributions. See: Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), and Calhoun v. Bernard, 9 Cir. 1964, 333 F.2d 739, 359 F.2d 400 (1966).

The 1956 Carpenters Labor and Trust Agreements, between the union and employer organizations established the Health and Welfare Trust Fund. The 1962 Carpenters Labor and Trust Agreements established the Pension Trust Fund. The Portland Home Builders Association, an employer organization, signed these Agreements. Since 1956 the defendant has been a sub-contractor member of the Portland Home Builders Association. As a sub-contractor member, the defendant participated in some of the Association's activities, but the Association had no authority to bargain for him.

The defendant did not sign either a Carpenters Labor Agreement or Trust Agreement, but the defendant did make contributions to the Funds for all of his union employees. He did not make contributions to either Fund for his non-union employees.

The Union contends that the Trust and Carpenters Labor Agreements require employer contributions for both union and non-union employees and that the defendant is bound by these Agreements because he made voluntary monthly contributions to the Funds and executed monthly report forms by which he ratified these Agreements.

Defendant denies that he agreed to be bound by any of the terms and conditions of these Agreements, and he contends that he is not liable for any payments to the Trust Funds.

The defendant did not sign any of the Labor or Trust Agreements with the Carpenters Union as an individual or as a member of any employer organization and he was not told that the voluntary execution of monthly report forms would require him to adhere to the terms of these Agreements.

The monthly report forms were supplied by the plaintiffs. Defendant submitted 112 forms prior to the filing of this action. There is a box in the lower left hand corner of the form for the name of the employer who is submitting the form. In the first thirty-five forms no mention was made of any trust or collective bargaining agreement, but in each of the later forms the following language was inserted in the box in fine print:

"The undersigned hereby adopts and agrees to be bound by the Trust Agreement dated January 1, 1956, as amended, establishing this Trust Fund, and agrees to make the required contributions to the Trust Fund as provided in the current carpenters' collective bargaining agreement covering Oregon and southwestern Washington." [1]

The defendant signed only one-third of the reports which contained these provisions. On the balance of the reports the defendant's bookkeeper typed in her own name. The plaintiffs accepted all of the forms and payments, even those which were not signed. Since this action was filed, the defendant has continued to submit forms and make payments for union employees. Plaintiffs have accepted the forms and payments without a signature.

I find that the defendant did not intend to be bound by the Carpenters Labor and Trust Agreements and that he was not told and did not know that non-union employees were covered under these Agreements. When the defendant voluntarily made payments to the Funds he did not believe nor did he know that plaintiffs would claim that he would be obligated to make payments until the Labor Agreement expired.

[1]. When the Pension Fund came into existence in 1962, the language was changed to include the Pension Fund.

This opinion shall serve as findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure, and a judgment for the defendant in accordance therewith may be entered.