■ JOSEPH M. RIZZUTO et al., as Trustees of the Operating Engineers Local 14-14B Pension Fund, et al., Appellants, v VACAR CONSTRUCTION

CORPORATION et al., Defendants, and FALCO CONSTRUCTION CORPORATION, Respondent.—In an action, *inter alia,* to compel defendants to submit to an audit pursuant to certain trust agreements, plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County, entered January 23, 1978, as (1) dismissed their complaint against Falco Construction Corporation for failure to state a cause of action and (2) denied the branch of their cross motion which sought leave to amend the caption of their complaint as to defendant Falco Construction Corporation. Order and judgment reversed insofar as appealed from, on the law, without costs or disbursements, the branch of defendant Falco's motion seeking dismissal of the complaint is denied, the branch of plaintiffs' cross motion seeking leave to amend the caption of the complaint is granted in its entirety, and the case is remitted to Special Term for consideration of the remaining branches of defendant Falco's motion. The plaintiffs are trustees of various trust funds maintained for the benefit of members of Operating Engineers Local 14-14B. This action was commenced to compel the defendants to allow the trustees to conduct an audit of the defendants' records in connection with the proper administration of the trust funds. The pertinent provisions of the complaint essentially allege that defendant Falco Construction Corporation (Falco) is a member of the General Contractors Association of New York, Inc. (GCA), and that GCA is a signatory of the several trust fund agreements. The theory of the plaintiffs' action is that Falco is necessarily bound by the terms of these agreements by virtue of its membership in GCA. These allegations sufficiently state a cause of action to defeat a motion to dismiss made pursuant to CPLR 3211 (subd [a], par 7). "It is well settled that an employer is bound to contracts negotiated by an association by virtue of its membership and its authorization to the association to negotiate the contracts. Garment Workers v. Miami Casuals, Inc., 456 F.2d (5th Cir. 1972). It is not necessary that the defendants, as an employer, sign the agreement, if they are a member of an employers' association" *(Paul v Lindgren,* 375 F Supp 843, 850). However, success on the merits will largely depend upon the substantial factual question of such membership and the incidents thereof. If the membership entails authorizing GCA to act as a collective bargaining agent, then Falco will normally be bound by the terms of the trust fund agreements (cf. *Paul v Lindgren, supra).* We note that the factual issues concerning membership pervade the complaint and affect the other defendants. Therefore, this is not a proper case for summary judgment pursuant to CPLR 3211 (subd [c]), notwithstanding the plaintiffs' request for such treatment. Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.