In re ADMIRAL MERCHANTS MOTOR FREIGHT, INC., Debtor.

Bankruptcy No. 3–80–2131.

United States Bankruptcy Court, D. Minnesota, Third Division.

May 11, 1981.

Joe A. Walters of O'Connor & Hannan, Minneapolis, Minn., for debtor.

Ernest I. Reveal, III and Michael L. Meyer of Robins, Zelle, Larson & Kaplan, Saint Paul, Minn., for petitioning creditors.

MEMORANDUM ORDER OF DISMISSAL

JOHN J. CONNELLY, Bankruptcy Judge.

This matter comes before the Court on Debtor's Motion granting Debtor summary

judgment and dismissal of the above-captioned proceedings on the grounds that there are no genuine issues as to any material fact and that as a matter of law Petitioners Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Central States, Southeast and Southwest Areas Health & Welfare Fund ("Health & Welfare Fund") are without legal capacity to join in the Creditors' Involuntary Petition and do not have capacity or standing to initiate these proceedings.

The Pension Fund and the Health & Welfare Fund are Trusts established pursuant to Trust Agreements entered into by and between the Central States Drivers Council, the Southern Conference of Teamsters and their affiliated local unions, the Southeastern Area Motor Carriers Labor Relations Association, the Southwest Operators Association, the Motor Carriers Employers Conference, Central States and their constituent members, and the individual Trustees. In the case of the Pension Fund, the National Automobile Transporters Labor Council, the Cartage Employers Management Association, the Cleveland Draymen Association, the Northern Ohio Motor Truck Association, Inc. and their constituent members were additional parties to the Trust Agreement. The respective Trusts are intended to provide retirement benefits and health care protection to certain of the employees of employers who were and are bound by the Trust Agreements establishing the Pension Fund and the Health & Welfare Fund, either by direct participation in the administration of the Funds or by acceptance of that administration through collective bargaining agreements with affiliates of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and to those employees, families and dependents.

■ Rule 17, F.R.Civ.P., requires that every civil action in the federal courts be prosecuted in the name of the real party in interest. The real party in interest is the one who has the legal right to bring the action. *Boeing Airplane Co. v. Perry*, 322 F.2d 589 (10th Cir. 1963); *see also Mason-*

*Rust v. Laborers' International Union*, 435 F.2d 939 (8th Cir. 1970); 3A J. Moore, *Federal Practice* ¶b 17.07, at 221 (2d ed. 1976). In the case of an express trust, the party with the capacity or legal right to bring or to defend an action on behalf of the trust is the trustee.

■ According to Rule 17(b), the substantive law of the state in which the court sits is to determine the capacity to sue. *See Serpa v. Jolly King Restaurants, Inc.*, 62 F.R.D. 626 (S.D.Cal.1974). The general rule is that in the absence of express statutory authority, actions on behalf of a trust are to be prosecuted in the name of the trustee. *Restatement (Second) of Trusts* § 280 *et seq.* (1959); Bogert, *Trusts and Trustees* §§ 301, 594 (2d ed. 1964); *see also Britton v. Green*, 325 F.2d 377 (10th Cir. 1963); *United Mine Workers v. Roncco*, 314 F.2d 186 (10th Cir. 1963); *Paul v. Lindgren*, 375 F.Supp. 843 (N.D.Ill.1974). Minnesota follows the general rule and gives the right to sue on behalf of an express trust to the trustee. *See* Minn.Stat.Ann. § 501.66 (29); *Todd County, Minnesota v. Loegering*, 297 F.2d 470 (8th Cir. 1961). The court is unaware of any Minnesota statute or rule which explicitly provides that an express trust may sue as an entity. In the absence of the trustees as parties plaintiff or Petitioning Creditors or of some provision providing that an action on behalf of the trusts might be brought by Petitioning Creditors, this action may not be maintained by the Pension Fund or Health & Welfare Fund, or both.

The trust agreements which establish the Petitioning Creditors Funds do not extend the capacity to sue to anyone other than the trustees. Both trust agreements provide that "the Executive Director . . . shall have the power to demand and collect the contributions of the Employers to the Fund." However, both agreements leave the power to sue and to compromise claims in the hands of the trustees.

The collective bargaining agreements which create the underlying obligations to make payments to the respective trusts do not extend the power to sue to the Pension

Fund and Health & Welfare Fund. According to the collective bargaining agreements, the proper parties to bring suit for failure to make contractually required payments are the local union, the union area conference, and the trustees of the respective trusts.

This court concludes that the Pension Fund and the Health & Welfare Fund are each without legal capacity to join in Creditors' Involuntary Petition or have standing to initiate these proceedings. Accordingly, these proceedings have not been duly commenced in accordance with the provisions of Section 303 of the Bankruptcy Code and must, therefore, be, and they hereby are, dismissed without costs, fees or damages.

IT IS SO ORDERED.