**EAST LAKE TOWERS CORPORATE CENTER LIMITED PARTNERSHIP, Gerald R. Jonas, and Wisconsin Industries Profit Sharing Trust, Plaintiffs,**

v.

**SCOTT PAPER COMPANY, and Kimberly–Clark Corporation, Defendants.**

**No. 04C0475.**

United States District Court, E.D. Wisconsin.

Nov. 22, 2004.

Christopher J. Jaekels, Milwaukee, WI, for Plaintiffs.

James M. Caragher, Linda E Benfield, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiffs East Lake Towers Corporate Center Limited Partnership ("East Lake"), Gerald R. Jonas and a trust of which Jonas is the trustee and sole beneficiary (collectively "Jonas")[1], bring this breach of contract action[2] against the Kimberly–Clark Corporation and Scott Paper Co., an entity that the Kimberly–Clark Corporation purchased in 1995 (collectively "K–C"), alleging that K–C failed to indemnify them for costs incurred by East Lake in cleaning up petroleum contamination on property located in Glendale, Wisconsin. Plaintiffs commenced the action in state court, and K–C removed it under 28 U.S.C. § 1332. East Lake is a limited partnership whose partners are Robert A. Patch ("Patch") and Heartland Development Group, Ltd., ("Heartland"). Patch is a Wisconsin citizen, and Heartland is a Wisconsin corporation whose principal place of business is Wisconsin. Jonas is a citizen of Florida. K–C is a Delaware corporation whose principal place of business is Texas. Thus, there is complete diversity, and the amount in controversy exceeds the jurisdictional minimum. Before me now is defendants' motion to dismiss.

## I. FACTS

In September 1981, K–C purchased the property in question and, in 1990, discovered that it was contaminated. Subsequently, K–C agreed to clean up the site to the satisfaction of the Wisconsin Department of Natural Resources. In 1991, K–C sold the property to Jonas and agreed to indemnify him for any costs and expenses that he might incur in the event that K–C did not fulfill its clean-up obligations. During the period in which he owned the property, Jonas incurred no clean-up costs. In 2001, Jonas sold the property to Patch and agreed to indemnify him for clean-up costs that he incurred to the extent that Jonas was indemnified by K–C. Patch later assigned the contract to East Lake. Subsequently, K–C advised East Lake that K–C believed that it had fulfilled its clean-up responsibilities. Later, East Lake conducted clean-up work on the property in the course of which it incurred expenses. East Lake contends that K–C's failure to clean up the property caused it to incur such expenses, and K–C contends that the expenses were necessitated by East Lake's construction activities on the property.

## II. APPLICABLE LAW

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. A motion to dismiss should be granted only if the plaintiff can prove no set of facts that would entitle him to relief. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999). In considering a motion to dis-

---

1. Generally, actions on behalf of a trust should be brought in the name of the trustee. *See, e.g., In re Admiral Merchants Motor Freight, Inc.*, 11 B.R. 63, 64 (Bkrtcy.D.Minn. 1981). This appears to be the case under Wisconsin law. *See State ex rel. Strykowski v.* *Wilkie*, 81 Wis.2d 491, 518, 261 N.W.2d 434 (1978).

2. Plaintiffs also brought a number of tort claims but have since abandoned them.

miss, the court must assume that all facts alleged in the complaint are true, and construe those facts and all reasonable inferences flowing from them in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir.1990).

Ordinarily, in ruling on a motion to dismiss, the court does not consider materials outside the pleadings. If a defendant supplements a motion to dismiss with additional material, a court may consider such material by converting the motion into one for summary judgment under Fed.R.Civ.P. 56. *See R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 280 (7th Cir. 1989). However, a court is not obliged to consider the additional material. In the present case, defendant submitted additional material but now requests that I ignore it. I will do so. However, attachments to the complaint become a part of the complaint, and the court may consider those documents in ruling on a motion to dismiss. *Witzke v. Femal*, 376 F.3d 744, 748 (7th Cir.2002). Plaintiffs attach a number of documents to their complaint, and I will consider them.

In diversity cases, federal courts apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the present case, the parties agree that Wisconsin law governs the substantive issues in the case.

## III. DISCUSSION

### A. East Lake's Claim

K–C argues that East Lake can prove no set of facts entitling it to relief because K–C did not agree to indemnify East Lake for any costs East Lake incurred in cleaning up the property. As a general rule, only a party to a contract may enforce it unless the contract is made for the benefit of a third party. *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 231 Wis.2d 404, 409, 605 N.W.2d 620 (1999). East Lake concedes that it was neither a party to a contract with K–C nor a third-party beneficiary of K–C's contract with Jonas. Further, Jonas did not assign to East Lake his right to be indemnified by K–C for clean-up costs that he incurred. Rather, he agreed to indemnify East Lake for the clean-up costs that it incurred "to the extent" that he obtained indemnification from K–C. (Compl. Ex. C, Ex. A (Envtl.Indem.) ¶ 4(c).)

Notwithstanding the foregoing, East Lake argues: (1) that a breach of contract claim should not be dismissed at the motion to dismiss stage based on the absence of privity; and (2) that it may pursue a breach of contract claim against K–C because it purchased the real estate from Jonas "with the benefits of rights appurtenant thereto," (Compl. Ex. C ¶ 1), and the right to indemnification is such a right.

In support of its assertion that courts should not grant motions to dismiss based on lack of privity of contract, East Lake cites *Kaplan v. Shure Bros., Inc.*, 153 F.3d 413, 419 (7th Cir.1998) ("*Kaplan I*"). However, *Kaplan I* does not support East Lake's argument. *Kaplan I* does not hold that it is always improper to grant a motion to dismiss because of the absence of privity, but only that such a motion should not be granted unless it is clear that the plaintiff will not be able to establish privity. *Id.* at 419. In the present case, East Lake had no contractual relationship of any sort with K–C. Therefore, it is clear that it will not be able to establish privity with K–C unless it can prevail on its second argument.

East Lake's second argument is that the language in the purchase agreement stating that it bought the property from Jonas "together with all structures

and improvements located thereon and with the benefit of all rights appurtenant thereto," (Compl. Ex. C ¶ 1), effectively assigned Jonas's right to indemnification from K–C to it. An appurtenant right is one tied to land. When land is sold, an appurtenant right is automatically transferred to the purchaser, i.e., it runs with the land. *See Gojmerac v. Mahn,* 250 Wis.2d 1, 11, 640 N.W.2d 178 (2001) (stating that appurtenant rights are those tied to land or structures). However, East Lake cites no case indicating that a right to indemnification is a right appurtenant to land, and I have found none. Rather a right to indemnification is a personal right that can only be transferred by assignment. *See Skarda v. Meyer,* 170 Wis.2d 343, 492 N.W.2d 187, 1992 WL 274744, at \*1 (1992) (stating that a land contract vendor and the assignee of the vendee are not in privity and owe no duty to each other not otherwise assumed); *Peterson v. Johnson,* 56 Wis.2d 145, 148, 201 N.W.2d 507 (1972) (stating that the general rule is that the assignee of the purchaser does not become bound to the vendor in the absence of an express assumption of the duty in his contract with the assignor); *see also Kaplan v. Shure Bros., Inc.,* 266 F.3d 598, 606–07 (7th Cir.2001) ("*Kaplan II*") (stating that under Illinois law there was no authority supporting the proposition that a purchaser of property could enforce the vendor's contractual rights based on a previous real estate contract involving the property); *Pelser v. Gingold,* 214 Minn. 281, 8 N.W.2d 36, 40 (1943) (stating that a collateral contract between parties for payment of indebtedness does not touch and concern the land so it does not run with the land). Thus, when East Lake purchased the property in question, Jonas's right to be indemnified by K–C was not a right appurtenant to the property, and thus East Lake did not acquire such right. Therefore, East Lake can prove no set of

facts under which it can prevail in a breach of contract action against K–C. Therefore, K–C's motion to dismiss East Lake's complaint must be granted.

## B. Jonas's Claim

■ K–C argues that Jonas's breach of contract claim against it must be dismissed because Jonas can prove no set of facts under which he would be entitled to damages. A necessary element of a breach of contract claim is damages. *Stack v. Joesten,* 205 Wis.2d 111, 555 N.W.2d 409, 1996 WL 543916, at \*4 (1996) (citing *Pleasure Time, Inc. v. Kuss,* 78 Wis.2d 373, 385, 254 N.W.2d 463 (1977)); *see Illges v. Congdon,* 251 Wis. 50, 54, 27 N.W.2d 716 (1947) (stating that the theory underlying the right of recovery in a breach of contract case is to permit the innocent party to recover from the guilty party any loss or damage that the innocent party suffered by reason of the breach); *see also Priebe v. Autobarn, Ltd.,* 240 F.3d 584, 587 (7th Cir.2001) (stating that under Illinois law, injury is an element of a breach of contract claim); *U.S. Valves, Inc. v. Dray,* 190 F.3d 811, 814 (7th Cir.1999) (stating that under Indiana law, injury is an element of breach of contract claim). Thus, if it is not possible for a breach of contract plaintiff to establish injury, his claim may not proceed.

■ In the present case, based on the complaint, I conclude that Jonas can prove no set of facts under which he would be entitled to recover damages. According to the complaint, Jonas purchased the property from K–C in 1991 and sold it to Patch in 2001. During the period in which he owned the property, Jonas sustained no pecuniary loss that triggered his right to be indemnified. Under the contract with K–C, Jonas was entitled to be indemnified "against all claims, costs, fines and expenses ... arising out of [K–C's] failure"

to clean up the property. (Compl. Ex. B ¶ 3.) However, Jonas incurred no claims, costs, fines or expenses. Moreover, nowhere in the complaint is there a suggestion that Jonas suffered any other type of harm as the result of action or inaction by K–C or that he might sustain some damage in the future. Therefore, K–C's motion to dismiss Jonas's claim must also be granted.

## IV. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED**.