**Morrie WISHNICK et al.,**
**Plaintiffs,**

v.

**ONE STOP FOOD & LIQUOR STORE,**
**INC., and NDK Corporation,**
**Defendants.**

**No. 72 C 487.**

United States District Court,
N. D. Illinois.

May 17, 1973.

M. Leslie Kite of Martin, Drucker, Karcazes & Kite, Ltd., Chicago, Ill., for plaintiffs.

Michael F. Harvey, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint. This action is brought under 29 U.S.C. § 185 for an alleged violation of a contract between an employer and a labor organization.

The plaintiffs are the Board of Trustees of Chicago Area Retail Food Clerks Health & Welfare Trust Fund ("Welfare Fund"), which trust allegedly was created and exists pursuant to a certain Agreement of Trust, dated December 1,

1960, as amended thereafter from time to time, in accordance with the provisions of 29 U.S.C. § 186(c).

The defendants, One Stop Food & Liquor Store, Inc., and NDK, are employers in an industry affecting commerce as defined by the Labor Management Act of 1947, and have their principal places of business in Chicago, Illinois.

The plaintiffs in the complaint allege the following facts, *inter alia:*

1. The Welfare Fund was established for the purpose of providing health and welfare benefits for employees whose employers have entered into a collective bargaining agreement with a labor organization which is a party to the Welfare Fund's Agreement and Declaration of Trust. This Welfare Fund arrangement is commonly referred to as a jointly administered multi-employer Health and Welfare Fund.

2. The Retail Food and Drug Clerks Union, Local 1550, a party to Welfare Fund's Amended Agreement and Declaration of Trust, entered into a collective bargaining agreement governing the wage, hours, conditions of work, and terms of employment for employees of the defendants. The Agreement became effective November 29, 1964, and provides in Article 17 that defendants would contribute to the Welfare Fund certain sums per month for each regular employee and regular part-time employee. The Agreement also provides that any employer who is sixty days delinquent in the payment of any or all of the contributions shall pay as liquidated damages a sum of twenty dollars or ten percent of the amount delinquent, whichever is greater.

3. The defendants failed and refused to contribute to the Welfare Fund in accordance with the provision of the collective bargaining agreement.

4. There is due to the Welfare Fund the sum of $10,000 which constitutes unpaid contributions and liquidated damages for the period from January 1, 1969 through December 31, 1971.

The plaintiff Trustees seek to recover from the defendants an accounting of contributions due, unpaid contributions, liquidated damages and the cost of maintaining this suit.

The defendants, in support of their motion to dismiss, contend:

1. The plaintiffs' reliance on 29 U.S.C. § 185 to confer jurisdiction on this court is misplaced since plaintiff is not a labor organization and/or party to the collective bargaining agreement.

2. Rule 12(b)(7) of the Federal Rules of Civil Procedure requires the dismissal of the action because of the failure of the plaintiff to join the labor union which is a necessary party.

3. This Court lacks jurisdiction over the subject matter because the union has not exhausted its contractual remedies under the collective bargaining agreement as said agreement is described in plaintiffs' complaint.

The plaintiffs in opposition to the instant motion contend that this Court does have jurisdiction under 29 U.S.C. § 185, that the labor union is not an indispensable party, and that there is no requirement to arbitrate the instant cause of action.

It is the opinion of this Court that it has jurisdiction over the instant action.

I. THE TRUSTEES OF THE WELFARE FUND CAN MAINTAIN THEIR ACTION IN THIS COURT PURSUANT TO 29 U.S.C. § 185.

This Court's jurisdiction over the instant action is predicated on Sec-

tion 301 of the Labor Management Relations Act (29 U.S.C. § 185) which provides:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The defendants contend that this Court does not have jurisdiction over this action because the plaintiffs are not· a "labor organization" within the coverage of Section 301, and that consequently the complaint must be dismissed. However, the defendants concede that if the union itself had brought the suit, this Court would have jurisdiction.

■ It is the opinion of this Court that the defendant's distinction is without merit. This· is, in the language of the statute, a suit for violation of a contract "between an employer and a labor organization" (here the Retail Food and Drug Clerks Union, Local 1550) for the contributions to a Trust Fund for employees. Looking at the substance of the relationship between the parties, there is nothing to be gained by requiring a suit by the union rather than by the Trustees of its Welfare Fund.* The United States Supreme Court has directed that Section 301 is not to be given a

narrow meaning; Section 301 is designed to vindicate individual employees rights arising from a collective bargaining contract. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Vindication of such rights is the purpose of this suit, and thus the jurisdiction of this Court over the instant matter would be proper and appropriate.

■ This finding follows similar rulings by Federal Courts in other districts. See Trustees v. Woehsberger Roofing Works, Civ.No. 67–300, 66 LRRM 2047 (E.D.N.Y.1967); Hann v. Korum, Civ.No. 65–114, 64 LRRM 2862 (D.C.Oreg.1967); Hann v. Ben Harlow, Civ.No. 64–523, 65 LRRM 2012 (D.C. Oreg.1967); Schlecht v. Hiatt, Civ.No. 65–377, 65 LRRM 2009 (D.C.Oreg.1967). See also Cahoun v. Bernard, 333 F.2d 739 (9th Cir. 1964) (involving an action by Trustees of a Pension Fund originally brought in Municipal Court of Los Angeles which was removed to Federal District Court based on assertions of original jurisdiction pursuant to Section 301. Thus, it is clear that the labor union is not an indispensable party to this litigation and that this Court has jurisdiction over the instant action.

## II. THE UNION'S FAILURE TO EXHAUST ITS CONTRACTUAL REMEDIES SUCH AS ARBITRATION IS NOT A BAR TO THIS ACTION BROUGHT BY THE TRUSTEES OF THE WELFARE FUND.

■ The Trustees of a Welfare and/or Pension Trust Fund established

---

* The Seventh Circuit has held that Trustees of a Welfare and Retirement Fund are the real parties in interest in a suit to recover sums due to the fund by an employer. Lewis v. Quality Coal Corporation, 243 F.2d 769 (7th Cir. 1957). See also, United Mine Workers of America District 22 v. Roncco, 314 F.2d 186 (10th Cir.); International Ladies' Garment Workers v. Jay-Ann Co., 228 F.2d 632 (5th Cir. 1956). While these courts have held that Trustees are indispensable parties to such suits when they are brought by a Labor Union, the converse is not true.

under a collective bargaining agreement are not typical third-party beneficiaries of such agreements. The Trustees of such funds are not parties to such agreements and are not subject to each and every duty and obligation arising under the agreement.

Further, Congress, in enacting Section 302 of the Labor Management Relations Act (29 U.S.C. § 186) intended that Welfare and Pension Funds established in accordance with that section would be independent of exclusive control by the union. Consequently, the failure of an employer to make contributions as required by an agreement is not an arbitrable dispute in the absence of a specific provision in the agreement requiring the Trustees to submit their claims to the arbitration procedure. See Lewis v. Harcliff Coal Co., Inc. et al., 3 N.B. P.C. 146 (W.D.Pa.1964).

Since the Welfare Fund in the instant action was established in accordance with 29 U.S.C. § 186, it is the opinion of this Court that dismissal of the instant action in order to permit the union and the employers to arbitrate the right of the Trustees would be contrary to the intent of Congress in establishing independent Welfare Funds. If the parties to the collective bargaining agreement (the employers and union) intended that claims for unpaid contributions to the Welfare Fund should be subject to the arbitration provision of the agreement, they should have so stated in unequivocal language. Lewis v. Benedict Coal Corporation, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). Since the parties have not so stated in the agreement, it is the opinion of this Court that the defendants' contention that the union should first exhaust its contractual remedy of arbitration before this action can be maintained is without merit.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.