Edward TODD et al., Plaintiffs,

v.

CASEMAKERS, INC., a corporation, Defendant.

No. 76 C 2160.

United States District Court, N. D. Illinois, E. D.

Feb. 10, 1977.

Irving M. Friedman, Harold A. Katz, Stanley Eisenstein, Katz & Friedman, Chicago, Ill., for plaintiffs.

Fred R. Kimmel, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiffs, the Board of Trustees of a health and welfare fund, bring this action pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against a contributing employer, alleging that defendant has failed to make required payments to the fund. Plaintiff now moves for summary judgment on its cause of action. Defendant has responded with a motion to dismiss for lack of subject matter jurisdiction, or, alternatively, for a stay of proceedings here and an order to submit all issues to binding arbitration. For the reasons herein stated, we deny defendant's motions to dismiss and to stay, and we grant plaintiff's motion for summary judgment with respect to the issue of liability and deny the motion with respect to the issue of damages.

### I.

The Chicago Textile Industry Health and Welfare Fund (the "Trust") was created by an agreement and declaration of trust dated March 26, 1971 pursuant to section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, for the purpose of providing health and welfare benefits for employees whose employers have entered into collective bargaining agreements with labor organizations comprising the Chicago Joint Board of the Textile Workers Union of America, AFL–CIO. By written agreement dated March 31, 1971, defendant Casemakers became a participating employer in the Trust and became obligated to make contributions into the Trust on behalf of its employees, members of Local 1745 of the Textile Workers Union of America, AFL–CIO (Local 1745). On December 31, 1973, the Textile Workers Union, Local 1745, and Casemakers entered into a three year collective bargaining contract which provided in part that "The Company will continue to pay the full cost of employees' individual premiums for insurance." Plaintiffs have submitted an uncontroverted affidavit stating that from April 1, 1973 through and

including January 31, 1976, Casemakers made contributions into the Trust on behalf of its employees. The affidavit further states that from February 1, 1976 through December 31, 1976, defendant failed to make required payments totalling $9,234.32 to the Trust. Plaintiff further alleges that a 10% late fee is also due. Casemakers states that it has made the required contributions to the Trust since the initiation of this suit, an allegation challenged by plaintiffs, and further objects to the computation of damages due.

## II.

■ Section 301 of the Labor Management Relations Act states:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Casemakers has challenged the jurisdiction of this Court to hear this action on the grounds that the Trust is not a labor organization and therefore does not come within section 301's coverage. This issue has been dealt with by a number of district courts which have found that the section does encompass suits brought by trustees of funds such as the Trust. See, e. g., *Wishnick v. One Stop Food & Liquor Store, Inc.,* 359 F.Supp. 239 (N.D.Ill.1973); *Owen v. One Stop Food & Liquor Store, Inc.,* 359 F.Supp. 243 (N.D.Ill.1973); *Trustees v. Woehsberger Roofing Works,* 66 LRRM 2047 (E.D.N.Y. 1967); *Hann v. Korum,* 64 LRRM 2862 (D.Ore.1967). As Judge Bauer stated in *Wishnick:*

"This is, in the language of the statute, a suit for violation of a contract 'between an employer and a labor organization' (here the Retail Food and Drug Clerks Union, Local 1550) for the contributions to a Trust Fund for employees. Looking

at the substance of the relationship between the parties, there is nothing to be gained by requiring a suit by the union rather than by the Trustees of its Welfare Fund. The United States Supreme Court has directed that Section 301 is not to be given a narrow meaning; Section 301 is designed to vindicate employees rights arising from a collective bargaining contract. . . . Vindication of such rights is the purpose of this suit, and thus the jurisdiction of this Court over the instant matter would be proper and appropriate." [footnote omitted] 359 F.Supp. at 242.

Plaintiffs have stated that payment of benefits on behalf of the employees of Casemakers has been suspended because of Casemakers' failure to contribute into the Trust. There is, therefore, a need for vindication of the employees' rights under the collective bargaining agreement, and we hold that jurisdiction to hear this case is present.

## III.

■ Casemakers next suggests that, assuming that we find jurisdiction to exist, we nevertheless follow the action of the district court in *International Brotherhood of Electrical Workers v. Dave's Electric Service, Inc.,* 382 F.Supp. 427 (M.D.Fla. 1974), which required that the parties first submit the trust fund issue to arbitration before coming into federal court. In that case, however, the union, which was bound by the grievance procedure, was a party plaintiff along with the trustees. Moreover, the instant Trust Agreement authorizes the Trustees to bring suit in order to collect delinquent contributions, a factor apparently not present in *Dave's Electric Service.*

A more basic reason for our decision not to follow *Dave's Electric Service,* however, is our belief that the court there incorrectly interpreted *Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960), which held that trustees of a welfare and pension fund established under a collective bargaining agreement are not typical

third party beneficiaries of such agreements, and therefore not subject to the duties and obligations which attach to such parties. We agree with the reasoning of Judge Bauer in *Wishnick* on this matter:

". . . Congress, in enacting Section 302 of the Labor Management Relations Act (29 U.S.C. § 186) intended that Welfare and Pension Funds established in accordance with that section would be independent of exclusive control by the union. Consequently, the failure of an employer to make contributions as required by an agreement is not an arbitrable dispute in the absence of a specific provision in the agreement requiring the Trustees to submit their claims to the arbitration procedure. . . .

"Since the Welfare Fund in the instant action was established in accordance with 29 U.S.C. § 186, it is the opinion of this Court that dismissal of the instant action in order to permit the union and the employers to arbitrate the right of the Trustees would be contrary to the intent of Congress in establishing independent Welfare Funds. If the parties to the collective bargaining agreement (the employers and union) intended that claims for unpaid contributions to the Welfare Fund should be subject to the arbitration provision of the agreement, they should have so stated in unequivocal language. *Lewis v. Benedict Coal Corp.* . . ." 359 F.Supp. at 243.

See also *Boyle v. North Atlantic Coal Corp.*, 331 F.Supp. 1107 (W.D.Pa.1971). As the parties to the collective bargaining agreement have not provided that claims for unpaid contributions be submitted to arbitration, we find no necessity for plaintiffs to do so and deny defendant's motions to dismiss or to stay.

#### IV.

Having found that the case is properly before us, we turn to the merits and plaintiffs' motion for summary judgment. It is undisputed that defendant Casemakers has failed to make required contributions to the Trust. Casemakers, however, disputes the amount owed and states that since the institution of this suit, it has made all required contributions into the Trust, a fact challenged by plaintiffs. We find, therefore, that while we may grant summary judgment for plaintiffs on the issue of liability, a genuine issue of fact remains as to the amount of damages, and we deny plaintiffs' motion with respect to that issue. *See* Fed.R.Civ.P. 56(c).

An appropriate order will enter.