WALTER PRATL *et al.*, Plaintiffs-Appellants, *v.* HAWTHORN-MELLODY FARMS DAIRY, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 76-657, 76-1094 cons.

Opinion filed October 4, 1977.

William J. Harte, Ltd., of Chicago (Richard J. Prendergast, of counsel), for appellants.

James S. Whitehead, of Sidley & Austin, of Chicago, for appellee Borden's Dairy Company.

David I. Spark, of Spark & Holleb, of Chicago, for appellee Kraml Dairy Company.

John J. Coffey, of Rothschild, Barry & Myers, of Chicago, for appellee Hawthorn-Mellody Farms Dairy, Inc. .

Mr. JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from the granting, by the circuit court of Cook County, of motions for summary judgment in favor of defendants Hawthorn-Mellody Farms Dairy, Inc., Dean Foods Company, Inc., Kraml Dairy Company, Sidney Wanzer & Son, Inc. and Borden's Dairy Company. The granting of these motions was based upon an application of the equitable doctrine of laches and the statute of limitations, both operating as bars to plaintiffs' cause of action.

Plaintiffs Pratl, Nickel, Nebes, Boyle, Hinkleman, Harper, Borchardt, Karaf, Uher, Shisler, Nolan and Cavalloni were milk vendors and members of Local 753 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. On August 3, 1971, plaintiffs filed, in the circuit court of Cook County, County Department, Chancery Division, a class action for an accounting and other relief against the aforementioned defendant milk processors. Plaintiffs' action charged defendants with failing and refusing to comply with a provision contained in a series of collective bargaining agreements to which Local 753 and defendants were parties. The collective bargaining agreements at issue spanned the period of time from May 1, 1959 to May 1, 1970 and provided, in relevant part, the following:

"ARTICLE 45

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Processor to furnish route rider for all vendor routes purchased or sold after May 1, 1959, and also for prior vendors who request route rider services."

A route rider is an employee of the milk processor who "relieves," or works in place of, the independent vendor one day each week.

Plaintiffs contended that pursuant to the collective bargaining agreements in force and effect between May 1, 1959, and May 1, 1970, defendants were obliged to provide, at no cost to plaintiff vendors, route riders to work the vendors' routes one day per week. Plaintiffs further contended that they are entitled to monetary credit for each week that route riders were not so provided. Plaintiffs, therefore, sought an accounting on behalf of the named vendors and all others similarly situated to determine the value of the route riders' service for a period not in excess of ten years; a period which commenced May 1, 1959.

Plaintiffs' action prompted defendants to file motions for summary

judgment. The circuit court, upon consideration of the motions, entered a series of three summary judgment orders. On March 8, 1976, the circuit court entered an order allowing defendants' motions for summary judgment "only as to monetary damages accrued prior to August 3, 1971, on [the] ground of laches, and denied as to other grounds." The court, in this order, reserved judgment on the issue of the statute of limitations. On March 23, 1976, the circuit court entered two summary judgment orders. The first of these orders was entered in favor of defendant Borden's Dairy Company based upon plaintiffs' failure to commence the action "within the time specified by the applicable statute of limitations." This order indicated that the cause of action brought by Frank Cavalloni on behalf of the Borden vendors accrued no later than 1959. The second summary judgment order, entered on March 23, 1976, is not entirely clear as to its underlying rationale. It appears, however, that such order granted summary judgment in favor of all defendants and against all plaintiffs due to plaintiffs' failure to commence the action within the applicable statute of limitations. It is likely, therefore, that this order disposed of the circuit court's prior reservation of the statute of limitations issue. Plaintiffs appeal from the entry of these orders.

■■ Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) provides that summary judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in that court to determine if a genuine issue as to a material fact remained to be determined by a jury and whether defendants were entitled to summary judgment as a matter of law. *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.

■■ The motions for summary judgment were granted, by the circuit court, on grounds of the equitable doctrine of laches and the statute of limitations. The action commenced by plaintiffs was for an accounting. Both law and equity have jurisdiction of an accounting, and therefore their jurisdiction is concurrent. Where both a court of equity and a court of law have concurrent jurisdiction, the bar of the statute of limitations has been held to be as binding in equity as at law. (*Dean v. Kellogg* (1946), 394 Ill. 495, 68 N.E.2d 898.) Therefore, we will apply the appropriate statute of limitations as opposed to the equitable doctrine of laches to determine if plaintiffs' action was properly barred.

■■ We must apply the statute of limitations period which relates to collective bargaining agreements. The fact that the collective bargaining agreements before us are written does not require that we apply the 10-

year statute of limitations for written contracts. (Ill. Rev. Stat. 1975, ch. 83, par. 17.) A contract cannot be said to be in writing unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself. If the party to a written contract is not named therein, the contract is defective as containing only a part of the agreement. In such case, the agreement is only partly reduced to writing, because parol proof must be resorted to, in order to show with whom the bargain was made. *Railway Passenger & Freight Conductors' Benefit Association v. Loomis* (1892), 142 Ill. 560, 32 N.E. 424.

■■ Plaintiffs clearly benefit from the collective bargaining agreements but are not named in these agreements. Parol evidence is necessary to show the existence of a contractual relationship. Therefore, for the purposes of applying the statute of limitations, the collective bargaining agreements must be deemed unwritten contracts. (*Matzer v. Florsheim Shoe Co.* (1971), 132 Ill. App. 2d 470, 270 N.E.2d 75.) Accordingly, we shall apply the five-year limitation period. Ill. Rev. Stat. 1975, ch. 83, par. 16.

Based upon the decision to apply the five year limitations period, we must find that the trial court partially erred in granting summary judgment. Although the first collective bargaining agreement took effect May 1, 1959, subsequent agreements containing the "route rider" provision took effect May 1, 1961, May 1, 1964, and May 1, 1967. Each collective bargaining agreement had a superseding effect as to its predecessor. Consequently, defendants' alleged continuous failure to comply with the "route rider" provisions for a period of 10 years would constitute violations of each of the aforementioned agreements for which a corresponding cause of action would arise. Plaintiffs would, therefore, be compelled to commence an action within five years of the effective date of each agreement or suffer the consequences of the running of the statute of limitations.

Plaintiffs' action was commenced August 3, 1971. The commencement of the action clearly falls within the five year limitations period which had attached to causes of action arising May 1, 1967. Consequently, summary judgment could not properly be granted on the grounds of the statute of limitations with respect to defendants' (excluding Borden) alleged violation of the May 1, 1967, collective bargaining agreement.

The trial court, however, was correct in granting summary judgment in favor of defendant Borden. Plaintiff Cavalloni and the class of Borden vendors acquired their Borden routes prior to May 1, 1959. Consequently, at the time of the May 1, 1959, collective bargaining agreement, Borden was under no obligation to provide route riders unless specifically requested by the vendors to do so. Cavalloni made two such requests, the last of which occurred in 1958 or 1959. This latter request, allegedly, was

not granted and constituted the basis for Cavalloni's cause of action. The cause of action was not commenced until August of 1971, 12 years after Cavalloni's claim accrued. This time period is clearly longer than that allowed by the statute of limitation relating to contracts, regardless of whether the five- or 10-year limitation is applied. Therefore, the trial court correctly held that the action filed against Borden was not commenced in a timely fashion. The summary judgment granted in favor of defendant Borden must be affirmed.

Based upon the foregoing analysis of the facts and applicable principles of law we find that the circuit court incorrectly granted summary judgment in favor of all other defendants. Consequently, the judgment of the circuit court is affirmed in part and reversed in part. The case is remanded to the circuit court with directions to clearly specify which causes of action, commenced by non-Borden vendors, are barred by the running of the statute of limitations.

Affirmed in part; reversed in part and remanded with directions.

DOWNING, P. J., and PUSATERI, J., concur.