**Carl ALLEN et al., trustees, Plaintiffs,**

v.

**McWILLIAMS ELECTRIC CO., INC., Defendant.**

**No. 79 C 3537.**

United States District Court, N. D. Illinois, E. D.

April 30, 1980.

Hugh B. Arnold, Marc M. Pekay, Howard L. Janco, Chicago, Ill. (Arnold & Kadjan, Chicago, Ill., of counsel), for plaintiffs.

Paul Cherner, Cheryl Blackwell Bryson, Chicago, Ill. (Friedman & Koven, Chicago, Ill., of counsel), for defendant.

## DECISION

McMILLEN, District Judge.

Defendant has filed a motion for partial summary judgment, seeking to bar that part of plaintiffs' claim which accrued more than five years before suit was filed on August 28, 1979. The complaint is to recover "contributions" to various employee benefit funds administered by plaintiffs as trustees, as provided for in collective bargaining contracts between an employer association known as N.E.C.A. and Local 701, International Brotherhood of Electrical Workers. Plaintiffs allege that defendant has failed to make some of the contributions due since February 1970, and defend-

ant contends that any contributions prior to August 28, 1974 are barred by the Illinois statute of limitations applicable to oral agreements. *Ill.Rev.Stat.* (1977), ch. 83, § 16. Section 17 applies to "written contracts."

The complaint is based on § 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) and on § 502 of the Employee Retirement Income Security Act (29 U.S.C. § 1132). It is well-established that, inasmuch as § 301 contains no time limitations, the law of the state where the cause of action arises governs the statute of limitations issue. *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Since the agreement in this case was made and to be performed in Illinois, the law of this state applies.

A collective bargaining agreement dated August 1, 1978 is attached as Exhibit A to defendant's supporting memorandum. The welfare fund is described in Article VIII; the vacation trust fund is described in Article IX and the pension fund is described in Article XI. All of them require the employer to make monthly contributions to the specific funds in a certain percentage of the "gross payroll for all employees defined in this agreement." The defendant employer contends that the identity of the employees benefitted by the three trust funds can only be determined by parol evidence. If the agreement is partly written and partly oral, the five year Illinois statute of limitations should apply. *Pratl v. Hawthorn-Mellody Farms Dairy, Inc.*, 53 Ill. App.3d 344, 11 Ill.Dec. 216, 368 N.E.2d 767 (1st Dist. 1977); see also *Kordewick v. Indiana Harbor Belt R. Co.*, 157 F.2d 753 (7th Cir. 1946), *cert. denied*, 329 U.S. 806, 67 S.Ct. 502, 91 L.Ed. 688 (1946).

We believe the defendant's argument is specious and not required by the above cases. The contract sued upon is in writing, and the plaintiffs are identified therein. Only the measure of damages needs to be arrived at by evidence outside of its four corners and this can be computed from payroll records. Although there is no specific definition of the term "employees," § 2.06 requires membership in the union as a condition of employment after 31 days from the date of hiring. At least two decisions in this district have held that suits of this kind are subject to a ten year statute of limitations. *Paul et al. v. Lindgren*, 375 F.Supp. 843 (N.D.Ill.1974) and *Paul et al. v. Allen*, 74 C 2357 (N.D.Ill. June 30, 1976).

In the *United Auto Workers* decision, *supra*, p. 2, the Supreme Court held that state law governed not only the applicable statute of limitations but also the "characterization" of the agreement under state law. 383 U.S. at 706, 86 S.Ct. at 1113. The Federal court in Indiana had ruled that the union's suit for unpaid vacation benefits was based partly upon the oral employment contracts of each employee and that therefore the shorter Indiana statute governing hybrid contracts was applicable. The Supreme Court also said at p. 706, 86 S.Ct. at p. 1113 that ". . . the characterization of this action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law." It found no reason to reject the trial court's characterization of the action as one to enforce individual verbal contracts of employment.

It will be noted, however, that the United Auto Workers' contractual clause provided: "Employees who qualify for a vacation in the previous year and whose employment is terminated for any reason before the vacation is taken will be paid that vacation at time of termination." This clause ran in favor of the individual employees and not in favor of the contracting union, giving rise to the need for parol identification. In the case at bar, however, the employer agreed in Articles VIII, IX and XI to contribute directly to the three trust funds which are in effect third party beneficiaries. The parties to this agreement are thus adequately identified.

We must confess that the statute of limitations question is not entirely free from doubt. In *Pratl v. Hawthorn-Mellody Farms Dairy, Inc., supra*, the court held that individual union members were bound

by the five year statute of limitations when suing to enforce a collective bargaining agreement, because they could not be identified individually from the face of the contract. The court said at 53 Ill.App.3d 347, 11 Ill.Dec. 219, 368 N.E.2d 770: "A contract cannot be said to be in writing unless the parties thereto, as well as the terms and provisions thereof, can be ascertained from the instrument itself." Cf. *Matzer v. Florsheim Shoe Co.*, 132 Ill.App.2d 470, 270 N.E.2d 75 (1st Dist. 1971). Insofar as the identity of the union is concerned, these cases are not applicable, but the plaintiff trustees are suing and are named, if at all, only in the trust agreements referred to in the specific Articles of the contract. This does not satisfy *Pratl*, although defendant has not raised this issue.

There exists another unresolved question, whether the trustees of these funds have standing to sue under § 301 of the Labor Management Relations Act. That section technically is applicable to "suits by and against labor organizations," but union trust funds have often been allowed to invoke the section. *Todd v. Casemakers, Inc.*, 425 F.Supp. 1375 (N.D.Ill.1977); *Wishnick v. One Stop Food & Liquor Store, Inc.*, 359 F.Supp. 239 (N.D.Ill.1973). The employer has not contended otherwise, although it does deny the "jurisdictional allegations" of pars. 1(a) and (b) of the Amended Complaint.

Plaintiffs alternatively sue under § 502 of E.R.I.S.A., but that statute likewise contains no statute of limitations on actions of this kind. In fact, the Congressional committee which reported on the statute stated that suits to enforce benefit rights under trust plans "are to be regarded as arising under the laws of the United States in similar fashion to those brought under § 301 of the Labor-Management Relations Act of 1947." See *Reiherzer v. Shannon*, 581 F.2d 1266, 1271 (7th Cir. 1978). Assuming that the trustees have standing to sue under § 502 of E.R.I.S.A., Illinois law would govern the statute of limitations question here also.

Defendant contends that § 413 of E.R.I.S.A. (29 U.S.C. § 1113) provides for a three-year period of limitations, but § 413 only applies to suits brought "with respect to a *fiduciary's* breach" and to other suits for violation of Part 4 of the Act. Section 502 (29 U.S.C. § 1132) pursuant to which this suit is brought falls under Part 5. This section did not become effective until September 2, 1974.

Thus only the few days between August 28 and September 2, 1974 would be added by application of a period of limitation longer than five years.

However, § 502 (29 U.S.C. § 1132) provides for civil action by fiduciaries in limited situations only. One, (subsection(a)(3)) is to obtain "equitable relief" for violations of Subchapter I. In our opinion, this suit for contributions of money allegedly due and owing qualifies only for the future equitable relief prayed for in par. D of the complaint, not for a money award for past violations.

A fiduciary also has standing to sue for relief provided by § 409 of the Act, pursuant to the provisions of § 1132(a)(2). Section 1109 merely subjects fiduciaries to personal liability for breaches of trust. This section might give the beneficiaries or perhaps even the union a cause of action against fiduciaries who allow the statute of limitations to run against their claims, but it does not give the fiduciary the cause of action against an allegedly defaulting employer. In fact, we have been shown no provision in E.R.I.S.A. which supports the filing of this action.

Since E.R.I.S.A. at most would afford a basis for recovery back only to September 2, 1974, and since we do not find any authority for applying the three-statute of limitations of § 413 (29 U.S.C. § 1113), we will also deny defendant's motion for summary judgment on the E.R.I.S.A. portion of the complaint.

In view of the fact that the statute of limitations issue under § 301 of the Labor Management Relations Act is somewhat unsettled, we believe that the most efficient

way to proceed is to allow plaintiffs to attempt first to prove their claim for liability. We assume that computation of damages for the ten year period preceding the filing of the complaint will be primarily an accounting problem, if defendants' records of employment extend back for that entire period. If a controlling decision should be handed down by a higher court before the case at bar is concluded, then it should be a simple matter to adjust the computation to conform to that decision. The same procedure would be applicable in the event of a successful appeal on the statute of limitations issue. If we are ultimately proved to be wrong in this decision, the parties should have a complete record which will avoid a new trial for the period prior to August 28, 1974.

Other problems lurk in this case, such as (1) whether the union should be a plaintiff; (2) whether the trustees should sue on the basis of the trust agreements specified in Articles VIII, IX and XI of the Collective Bargaining Agreement; (3) whether the matter can be settled without expensive litigation; (4) whether the ultimate determination will depend upon contractual interpretation and, if so, what provisions might be involved; and (5) whether the matter can be determined by voluntary arbitration at some stage.