CHICAGO WEB PRINTING PRESS-MEN'S UNION NO. 7 and Chicago Mailer's Union No. 2, Plaintiffs,

v.

The CHICAGO TRIBUNE, Defendant.

No. 86 C 4015.

United States District Court, N.D. Illinois, E.D.

April 3, 1987.

Sheldon M. Charone, David Mathews, Carmell, Charone, Wiemer & Mathews, Ltd., Chicago, Ill., for plaintiffs.

L. Michael Zinser, James P. Thompson and Bruce H. Henderson, pro hac vice, Nashville, Tenn., for defendant; Gerald F. Lutkus, of counsel, Reuben & Proctor, Chicago, Ill.

## MEMORANDUM

LEIGHTON, Senior District Judge.

Plaintiffs Chicago Web Printing Pressmen's Union Number 7 and Chicago Mailers' Union No. 2 have filed this complaint against defendant the Chicago Tribune under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) seeking an order directing defendant to submit certain grievances to arbitration in accordance with the terms of certain collective bargaining agreements. Defendant now moves to dismiss, contending the disputes are not arbitrable and plaintiffs' claims are barred by the applicable statute of limitations. The following circumstances led to this suit.

Both the Pressmen and the Mailers had collective bargaining agreements with the Chicago Newspaper Publishers' Association.[1] The Pressmen's agreement expired on April 3, 1985; the Mailers' on July 14, 1984. On July 18, 1985, the plaintiff unions instituted a strike against the Tribune when the parties failed to negotiate successor collective bargaining agreements. At that time the strike commenced, certain members of the unions were employed as supervisors in the Tribune's pressroom and mailroom. Rather than cross the picket lines, they chose to resign their supervisory positions.

The underlying dispute between the parties for which plaintiffs seek the order compelling arbitration concerns the calculation of vacation pay; defendant paid the former supervisors vacation pay at journeymen rates because they were journeymen at the time of their scheduled vacations. Plaintiffs contend that because vacation time is earned in one year and payable the following year, the proper vacation pay rate is

---

1. In a footnote to its memorandum in support of its motion to dismiss, defendant argues plaintiffs have sued the wrong party because it is not a party to the contracts at issue. However, defendant has not moved to dismiss on this basis. The court notes that the Chicago Newspaper Publishers' Association is composed of two publishers, the Chicago Sun-Times and The Chicago Tribune. *See* Plaintiffs' Second Amended Complaint, Exhibit A, Chicago Web Printing Pressmen's Union No. 7 Agreement with Chicago Newspaper Publisher's Association; Exhibit C, Chicago Mailers' Union No. 2 Agreement with Chicago Newspaper Publishers' Association. The Association is evidently responsible for negotiating collective bargaining agreements on behalf of the Tribune. *See Graphic Communications Union v. Chicago Tribune Co.,* 794 F.2d 1222, 1223 (7th Cir.1986).

their hourly wage rate at the time they earned the vacation.

Plaintiffs allege the Pressmen filed a grievance on this issue in October 1986, and that the Tribune refuses to submit the grievance to arbitration. The Mailers allege they served a "notice of controversy" on the Tribune in August 1985, challenging this practice and the Tribune refuses to submit the dispute to arbitration unless the Mailers agree to certain conditions unrelated to its right to have this controversy arbitrated.

## I

Defendant raises two arguments in support of its motion to dismiss. First, while admitting that under *Nolde Brothers v. Local No. 358 Bakery & Confectionery Workers Union*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), the presumption of arbitrability survives contract expiration, it argues that the length of time between contract expiration and the events triggering the dispute weakens this presumption (citing *Graphic Communications Union v. Chicago Tribune Co.*, 794 F.2d 1222 (7th Cir.1986); *Teamsters Local 703 v. Kennicott Bros. Co.*, 771 F.2d 300 (7th Cir.1985)). Defendant notes that the events giving rise to the grievances occurred five months after expiration of the Pressmen's contract and thirteen months after expiration of the one with the Mailers. Moreover, it asserts that the agreements in question contain no language evidencing an intent to arbitrate post-termination disputes. Based on these considerations, defendant insists the disputes are not arbitrable.

Second, defendant asserts plaintiffs' suit is barred by the applicable statute of limitations. Since there is no express statute of limitations period in section 301 for actions

brought by employees against employers for breach of a collective bargaining agreement, defendant argues that the appropriate limitations period is either the six-month period contained in section 10 of the National Labor Relations Act, 29 U.S.C. § 160(b), or the 90-day period for vacation of arbitration awards contained in the Illinois Arbitration Act, Ill.Rev.Stat. ch. 10, ¶ 112(b). Because neither union took any action within these time periods, defendant asserts plaintiffs' suit is time-barred.

Plaintiffs oppose this motion. First they argue that the grievances at issue survive the expiration of the collective bargaining agreement,[2] and that under *Graphic Communications*, an employer may be compelled to arbitrate disputes over benefits that accrue under an expired contract but are payable after expiration. According to plaintiffs, vacation pay is earned in one calendar year and payable the following year; thus individuals accrued their right to a 1985 vacation in 1984 but no grievance arose until the vacations became payable in 1985. Plaintiffs assert that the length of time between the expiration of the contract and the events giving rise to the grievance is of little relevance where, as here, an accrued right is involved.

Second, plaintiffs contend that their claims are timely. They argue that the applicable limitations period must be drawn from state law, however, they claim that the applicable period is either five years, for actions on awards of arbitration, Ill. Rev.Stat. ch. 110, ¶ 13–205, or ten years for actions on written contracts. Ill.Rev.Stat. ch. 110, ¶ 13–206. They insist that either of these sections is more analogous than the section relied on by defendant for vacation of arbitration awards. Thus, plaintiffs assert their claims are timely.

**2.** The applicable language in the Mailers' contract states in relevant part:

Should negotiations for a new agreement extend beyond the expiration date of this Agreement, the wages, hours, terms and conditions of employment fixed by this agreement remain in effect until a new agreement is reached or until other action is authorized by the Union or the Association.

*Plaintiffs' Second Amended Complaint*, Exhibit C, Chicago Mailers' Union No. 2 Agreement with Chicago Newspaper Publishers Association, § 32. A similar clause is contained in the Pressmen's contract. *Plaintiffs' Second Amended Complaint*, Exhibit A, Chicago Web Printing Pressmen's Union No. 7 Agreement with Chicago Newspaper Publishers Association, § 45.

## II

Defendant's motion to dismiss presents two issues: first, whether the dispute is arbitrable, and second whether plaintiffs' claims are timely under the statute of limitations the court determines is applicable.

■ It is well established that it is the function of the courts, not the arbitrator, to determine whether a dispute is arbitrable. *AT & T Technologies Inc. v. Communications Workers of America,* — U.S. —, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). This court must begin its analysis by noting the strong presumption in favor of arbitrability; a court cannot deny an order to arbitrate unless it can be said with assurance that the collective bargaining agreement imposed no such duty. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). Moreover, the duty to arbitrate is not automatically extinguished when the collective bargaining agreement terminates; the presumption of arbitrability can extend to post-termination disputes. *Nolde Bros.,* 430 U.S. at 252–53, 97 S.Ct. at 1072–73.

■ Defendant raises two arguments to overcome this presumption: (1) that no language in the collective bargaining agreements at issue shows an intent to arbitrate post-termination disputes, and (2) that two recent decisions in this circuit, *Teamsters Local 703 v. Kennicott Bros. Co.,* 771 F.2d 300 (7th Cir.1985) and *Graphic Communications v. Chicago Tribune Co.,* 794 F.2d 1222 (7th Cir.1986), have substantially narrowed the presumption of post-expiration arbitrability set forth in *Nolde Bros.* The first argument is without merit. The contract clauses noted by plaintiffs' contemplate that wages, hours and conditions of employment contained in the agreements remained in effect after the expiration of the agreements until the strike was instituted on July 18, 1985. *See supra* n. 2. Because the grievance and arbitration procedures are a term or condition of employment, these clauses survived the expiration of the agreement until the date "other action," i.e., the strike, was authorized by the unions. Thus, the agreements indicate an intent to arbitrate post-termination disputes.

As to defendant's second argument, in *Kennicott,* the court of appeals affirmed the district court's refusal to order arbitration regarding an employee's discharge and the employer's failure to give him a retroactive pay increase. Both of the events giving rise to the grievances occurred some six to seven months after the expiration of the collective bargaining agreement. *Id.* at 301. The court held that *Nolde's* presumption of arbitrability weakens as the time between the expiration of the agreement and the events giving rise to the grievance increases. *Id.* at 303. The court concluded that the grievances at issue were not arbitrable because they arose over six months after the expiration of the agreement.

In *Graphic Communications,* the court further narrowed the circumstances in which it would apply *Nolde.* *Graphic Communications,* like the instant case, was a suit against the Tribune. Two days after the expiration of the collective bargaining agreement in September 1984, the Tribune notified the Union that it was going to discontinue use of the Union's callroom to hire extra paper handlers. The Union filed suit to compel arbitration. The district court, relying on *Nolde,* ordered the Tribune to begin arbitration. In reversing the district court, the court of appeals held that *Nolde's* presumption of arbitrability applies only in cases where the grievance "arises under" the expired collective bargaining agreement. According to the court, the use of the callroom represented a future practice of the employer. It distinguished the case from those in which the subject matter of the grievance involved an accrued right under the expired contract that is owed to employees, noting that "established hiring practices are not obligations due and payable to the employees under the collective bargaining agreement." *Id.* at 1227. In such cases, the court concluded that the *Nolde* presumption of arbitrability "simply does not apply." *Id.* at 1228.

■ The following principles can be drawn from these cases. First, under *Ken-*

*nicott*, where the event triggering the grievance occurs six months or longer after the expiration of the agreement, the grievance may not be arbitrable. Second, under *Graphics Communications*, if the grievance does not involve an accrued right or obligation owed to employees which involves an interpretation of the collective bargaining agreement, the grievance does not "arise under" the expired agreement and the *Nolde* presumption does not apply.

Applying these principles, it is clear that under *Graphic Communications* an accrued right such as vacation pay "arises under" the collective bargaining agreement and is therefore subject to *Nolde's* presumption of arbitrability. *Kennicott*, on the other hand, would appear to nullify the *Nolde* presumption when the events triggering the dispute occur over six months after the expiration of the agreement. However, neither of these cases involve the precise issue presented here: whether *Nolde's* presumption of post-expiration arbitrability applies to a dispute involving accrued rights under a collective bargaining agreement where the dispute was not triggered until some five months after the expiration of the agreement.

■■■ The court concludes that *Kennicott* cannot be read to preclude *Nolde's* presumption of arbitrability when the dispute involves a right that accrued under the terms of a collective bargaining agreement but did not ripen until sometime after the agreement expired. *See Federated Metals Corp. v. United Steelworkers of America*, 648 F.2d 856, 862 (3d Cir.1981). *Kennicott* must be distinguished in this context because it did not involve rights that had accrued under the expired agreement, which could be considered to some extent as "owed" to employees. *Cf. Graphic Communications*, 794 F.2d at 1227. To hold otherwise would vitiate *Nolde* by limiting the presumption of post-expiration arbitrability to disputes that arise directly after the expiration of the agreement, regardless of the nature of the right involved. This result is unwarranted under either *Nolde* or *Kennicott*. Accordingly, defendant's motion to dismiss this

suit because the disputes are not arbitrable must fail.

### III

The question remains as to what statute of limitations is applicable to plaintiffs' claims and whether these claims are timely.

Section 301 of the LMRA contains no statute of limitations. The parties correctly note that the court's choice of the applicable statute of limitations is dependent on the nature of plaintiffs' suit. The general rule is that the court must apply the most analogous state limitation period to determine the timeliness of a section 301 suit. *International Union, United Automobile Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). In *Hoosier Cardinal*, the union brought suit under section 301 against the company alleging it had breached the collective bargaining agreement by failing to pay accumulated vacation pay. The Court held that the timeliness of the suit must be determined by reference to state law.

However, the Court has since carved out an exception to this rule. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *Del Costello* involved a suit by an employee against both an employer and the union alleging the employer breached the collective bargaining agreement and the union breached its duty of fair representation. The Court held that "hybrid" section 301 suits such as this are subject to the six-month statute of limitations period contained in section 10(b) of the NLRA. It distinguished *Del Costello* from "straight" section 301 actions such as *Hoosier Cardinal* in several respects. First, *Del Costello*, unlike *Hoosier Cardinal*, was brought by an individual employee and did not involve an agreement to submit disputes to arbitration. *Id.* at 163, 103 S.Ct. at 2289. Second, national uniformity was of lesser importance in *Hoosier Cardinal* because that case did not involve "those consensual processes that federal labor law is chiefly designed to promote," but was instead analogous to an ordinary breach of con-

tract case. *Id.* at 163–64, 103 S.Ct. at 2289–90. Finally, the claim in *Del Costello,* unlike *Hoosier Cardinal,* had no close analogy in state law. *Id.* at 165, 103 S.Ct. at 2291.

■ This circuit has identified two factors as controlling under *Del Costello* in determining whether to apply the six-month statute of limitations of section 10(b) of the NLRA. *Plumbers Pension Fund Local 130 v. Domas Mechanical Contractors Inc.,* 778 F.2d 1266, 1268 (7th Cir. 1985). First, the court must look to whether a rule contained in federal law provides a closer analogy than state law. *Id.* at 1268. Second, it must examine the federal policies at stake and the practicalities of litigation to determine whether the federal limitations period is more appropriate. *Id.*

■ Here, the six-month statute of limitations contained in section 10(b) of the NLRA does not provide a closer analogy than state law; this suit is more analogous to a common law breach of contract claim. However, the court can still apply the federal limitations period if it is significantly more appropriate in light of federal labor policy and the practicalities of litigation. *International Union of Elevator Constructors v. Home Elevator Co.,* 798 F.2d 222, 228 (7th Cir.1986). But neither the preference for the speedy resolution of industrial disputes nor a desire for national uniformity are overriding considerations. *Id.* at 228–29. The concern that the shorter federal limitations period may serve to protect bargaining relationships is of little importance where, as here, the bargaining relationship has already broken down and the parties have failed to reach a new agreement. *Id.* at 228 n. 5. Finally, the practicalities of litigation in the labor context is not a factor in cases such as this where the state limitations period is longer and the suit is brought by the union rather than an unsophisticated employee. *Id.* at 229.

Given these considerations, the court concludes it cannot depart from the general rule of borrowing the applicable state statute of limitations. This decision is buttressed by language in the *Home Elevator* opinion where this circuit indicated its reluctance to follow the decisions of other circuits which have applied the six-month statute of limitations period of section 10(b) of the NLRA to suits to compel arbitration. 798 F.2d at 228 n. 6, 229 n. 7. The court noted, "We respectfully suggest that the mandate of *Del Costello* that 'resort to state law remains the norm for borrowing of limitations periods' in 'labor law or elsewhere' militates against the adoption of such a broad brush approach—at least by judicial hands." *Home Elevator,* 798 F.2d at 228 n. 6. Although noting that *Home Elevator* did not present precisely the same issue, the court stated it had substantial difficulty with the reasoning of those decisions applying section 10(b)'s statute of limitations to suits to compel arbitration. *Id.* at 229 n. 7. *Home Elevator* thus indicates that this circuit will not apply the six-month statute of limitations of section 10(b) of the NLRA to such suits.[3]

■ Therefore, this court must look to state law to borrow the appropriate limitations period. It appears that no court in this district has considered what Illinois statute of limitations is most appropriate to suits to compel arbitration; those courts that have considered the issue have applied the six-month limitations period of section 10(b) of the NLRA. *See United Steelworkers of America v. Fermet Reclamation Ltd.,* 627 F.Supp. 1213, 1222 (N.D.Ill. 1986); *United Steelworkers of America v. Allied Tube & Conduit Co.,* No. 84 C 5846 (N.D.Ill. Feb. 13, 1986); *Niro v. Fearn Int'l Inc.,* No. 85 C 373 (N.D.Ill. Mar. 3, 1986) (dicta); *but cf. Merk v. Jewel Food Stores,* 641 F.Supp. 1024, 1035–36 (N.D.Ill. 1986) (rejecting six-month statute of limitations period of section 10(b)).[4]

---

**3.** *McGreedy v. United Autoworkers Local 971,* 809 F.2d 1232 (6th Cir.1987), cited by defendant as additional authority in support of its motion does not alter this court's conclusion.

**4.** It must be noted that these decisions are prior to *Home Elevator.*

Despite their holdings, these cases do provide this court with some guidance. The courts in both *Fermet* and *Merk* rejected the 90–day limitations period in the Uniform Arbitration Act, Ill.Rev.Stat. ch. 10, ¶ 112(b). This court agrees with the reasoning of these decisions insofar as it rejects the 90–day limitations period.[5] Paragraph 112(b) applies to the vacation of arbitration awards and is simply not analogous to an action to compel arbitration. *Fermet*, 627 F.Supp. at 1222; *see also Merk*, 641 F.Supp. at 1037 ("[defendant] exhibits a bit of 'chutzpah' in making this argument since it refused to arbitrate in the first place"). The purpose of the short, 90–day period is clearly to ensure the finality of arbitration awards, a concern that is absent when there has been no arbitration.

According to the parties, the court is left with two choices, Illinois' five-year statute of limitations for actions on awards of arbitration, Ill.Rev.Stat. ch. 110, ¶ 13–205, or the ten-year period for breach of a written contract, Ill.Rev.Stat. ch. 110, ¶ 13–206. For the same reasons the court concluded that the 90–day period for vacation of arbitration awards cannot apply, it must conclude that the five-year period for actions on awards of arbitration is not analogous where no arbitration has taken place. *Cf. Fermet*, 627 F.Supp. at 1222 ("a suit to force a party to live up to its promise to go to arbitration bears no real similarity to a post-arbitration lawsuit to enforce the arbitration award").[6]

It would seem then that this court is bound to apply Illinois' ten-year statute of limitations for breach of a written contract. Ill.Rev.Stat. ch. 110, ¶ 13–206. However, another possibility is suggested by the court in *Merk*. The court noted that Illinois courts have applied the five-year statute of limitations for breach of an oral contract to suits under collective bargaining agreements. *Merk*, 641 F.Supp. at 1036. Illinois courts follow the common law doctrine that a contract is not in writing unless the parties to it can be ascertained from the document itself. *Id.* at 1036. Since employees are not named in the collective bargaining agreement, parol evidence is needed to show they are beneficiaries of it. Illinois law, therefore, defines the contract as oral, applying the five-year period for breach of an oral contract *Id.* (citing *Pratl v. Hawthorne-Mellody Farms Dairy Inc.*, 53 Ill.App.3d 344, 347, 11 Ill. Dec. 216, 219, 368 N.E.2d 767, 770 (1st Dist.1977)).

This reasoning is persuasive. The court recognizes that because this is a federal question, it is not bound to apply state statutes of limitation in the way that the state would apply it. *E.g., Stevens v. Gateway Transportation Co.*, 696 F.2d 500, 503 (7th Cir.1982). At the same time, the court need not reject the characterization that state law would impose unless that characterization is inconsistent with national labor policy. *Hoosier Cardinal*, 383 U.S. at 706, 86 S.Ct. at 1113. Illinois' characterization of collective bargaining agreements as oral is not inconsistent with this policy; in this case, it serves to provide a shorter limitations period than this court would otherwise be bound to apply. *See* Ill.Rev. Stat. ch. 110, ¶ 13–206 (ten-year statute of limitations for breach of a written contract). The court, therefore, concludes that the most analogous statute of limitations is the five-year period for breach of an oral contract. Ill.Rev.Stat. ch. 110, ¶ 13–205; *see Merk*, 641 F.Supp. at 1036.

This issue is not without difficulty; a five-year limitations period in suits to compel arbitration is at odds with the goal of federal labor policy to provide for the

---

**5.** Most courts that have considered an analogous short state statute of limitations for vacation or confirmation of arbitration awards have rejected it as unnecessarily short and contrary to the policy favoring informal dispute resolution. *Teamsters Union Local 315 v. Great Western Chemical Co.*, 781 F.2d 764, 767 (9th Cir. 1986); *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896, 902 (3d Cir.1984).

**6.** Defendant misconstrues *Stevens v. Gateway Transportation Co.*, 696 F.2d 500 (7th Cir.1982). Although the court in *Stevens* did reject application of this five-year statute of limitations to section 301 suits, it did so because the district court had concluded it was bound to apply Illinois' statute of limitations as Illinois courts would.

speedy resolution of industrial disputes. *Hoosier Cardinal,* 383 U.S. at 707, 86 S.Ct. at 1114; *Home Elevator,* 798 F.2d at 228. But given this circuit's clear indication that it will reject the application of the NLRA's six-month statute of limitations to suits to compel arbitration, this court has little choice. Under the five-year limitations period, plaintiffs' claims are timely. Accordingly, defendant's motion to dismiss is denied.

So ordered.