904 F.2d 9
 134 L.R.R.M. (BNA) 2442, 115 Lab.Cas. P 10,172
 INTERNATIONAL UNION, UNITED AUTOMOBILE AND AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW)
and its Local Union 1262, Plaintiffs-Appellees,
v.
YOUNG RADIATOR COMPANY, Defendant-Appellant.
 No. 89-2919.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 20, 1990.
Decided June 6, 1990.
Rehearing and Rehearing En Banc Denied
July 23, 1990.
 
 Michael B. Erp, Harold Katz, Stanley Eisenstein, Irving M. Friedman, Katz, Friedman, Schur & Eagle, Chicago, Ill., for plaintiffs-appellees.
 Kael B. Kennedy, Kirk D. Messmer, Larry Hall, Allan Gunn, Matkov, Salzman, Madoff & Gunn, Chicago, Ill., for defendant-appellant.
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 In May 1987 plaintiffs International Union (UAW) and its Local Union 1262 filed a complaint against Young Radiator Company pursuant to Section 301 of the Labor Management Relations Act (29 U.S.C. Sec. 185). The first count sought to compel arbitration of two grievances which accrued during the existence of a collective bargaining agreement between plaintiffs and Young governing employees at Young's former Mattoon, Illinois, plant. That agreement provided that any grievance might be taken to arbitration. Young refused arbitration on February 27, 1987, on the ground that the three-year collective bargaining agreement had expired on March 29, 1986. The second count was in the alternative and claimed that the occurrences giving rise to the grievances breached the collective bargaining agreement between the parties. The district court ordered arbitration pursuant to the agreement and therefore dismissed alternative Count II. We affirm.
 
 
 2
 The first grievance concerned the right of employees to vacation pay earned during the pendency of the agreement but payable after its expiration. Young refused to honor this claim. The second grievance was in respect to retired employees' right to life and health insurance also granted them under the agreement. Young asserted that employees who retired after September 29, 1986, the date Young announced its decision to close the Mattoon plant,[1] were not entitled to insurance. The only exclusion from arbitration in the agreement concerned disputes extending "wages or rates of pay" (Joint App. 17).
 
 
 3
 On appeal, Young's principal argument is that arbitration is not required because the collective bargaining agreement had expired. This argument was foreclosed by the Supreme Court in Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243, 255, 97 S.Ct. 1067, 1074, 51 L.Ed.2d 300. There it was held that contract disputes arising after termination of a collective bargaining agreement must be disposed of pursuant to arbitration under the agreement. This agreement provided "any grievance * * * may be taken to arbitration" (Joint App. 16). As held in Nolde, "presumptions favoring arbitrability must be negated expressly or by clear implication." Nolde, 430 U.S. at 255, 97 S.Ct. at 1074. No negation of arbitrability is present here.
 
 
 4
 The position urged in dissent circumscribes the holding in Nolde by its interpretation of the time limitation articulated in Local 703, Int'l Brotherhood of Teamsters v. Kennicott, 771 F.2d 300 (7th Cir.1985), and noted in Graphic Communications Union v. Chicago Tribune Co., 794 F.2d 1222, 1226-27 n. 5 (7th Cir.1986). The Court in Kennicott observed that because the presumption in favor of arbitration "weakens as the time between expiration and grievance events increases," the passing of time must at some point cut off the right to arbitration, lest arbitration be required for disputes arising "years or even decades after the expiration of the agreement." 771 F.2d at 303. There we found that six months was too long a period between the expiration of the collective bargaining agreement in Kennicott and the discharge of the employee to support the presumption of arbitrability. The employee was discharged at a time when the protections of the expired agreement were known to have a lessened effect.
 
 
 5
 This case is entirely distinguishable since the events which triggered the arbitrable issues here were the employer's announcements that certain allegedly accrued rights would not be awarded. See Chicago Web Printing Pressmen's Union No. 7 v. Chicago Tribune, 657 F.Supp. 351, 355 (N.D.Ill.1987) (Kennicott distinguishable in context of rights accrued under expired agreement). The union's position in this case is that the rights to pay and insurance were earned under the labor agreement and therefore were always presumed by workers to be guaranteed by the agreement, before and after its expiration. Without prejudging the substance of the dispute that now goes to arbitration, we note that the opposite result would encourage those employers seeking to avoid arbitration simply to wait until six months or some other arbitrary period passes before announcing that benefits which appeared to have ripened under an expired labor agreement will not be honored.
 
 
 6
 Consequently the district court was correct in granting summary judgment to the plaintiffs and thus ordering arbitration pursuant to Count I of the complaint. United Steelworkers v. Fort Pitt Steel, 635 F.2d 1071, 1080 (3d Cir.1980), certiorari denied, 451 U.S. 985, 101 S.Ct. 2319, 68 L.Ed.2d 843.[2] Young has failed to raise the "genuine issue as to any material fact" required by Rule 56(c) of the Federal Rules of Civil Procedure. The merits of the grievances are for the arbitrator and not this Court, and there was therefore no need to dispose of the plaintiffs' alternative breach of contract count.
 
 
 7
 Judgment affirmed.
 
 
 8
 MANION, Circuit Judge, dissenting.
 
 
 9
 The collective bargaining agreement in this case expired on March 29, 1986. The union had no grievance against Young until at least September 29, 1986 (six months later), the date Young announced its decision to close the plant. The Nolde presumption of arbitrability does not persist indefinitely after expiration of the agreement. Because "grievances which arise six months after the expiration of the collective bargaining agreement [are not] subject to the Nolde presumption," Graphic Communications Union v. Chicago Tribune, 794 F.2d 1222, 1226-27 n. 5 (7th Cir.1986) (citing Local 703, International Brotherhood of Teamsters v. Kennicott Bros. Co., 771 F.2d 300 (7th Cir.1985)), I would hold there is no presumption of arbitrability in this case. Therefore, I respectfully dissent.
 
 
 10
 Graphic Communications and Kennicott establish two necessary prerequisites for the Nolde presumption of arbitrability to apply to a post-expiration grievance: (1) the grievance must involve a right which accrued during the term of the collective bargaining agreement; and (2) the grievance must be triggered by an event occurring within six months of the agreement's expiration. The majority today holds that if a grievance satisfies the first prong--a right accruing during the term of the collective bargaining agreement--the presumption of arbitrability under Nolde applies whether or not the triggering event meets Kennicott's six-month standard. However, Kennicott requires that we examine whether the grievance meets the six-month test in addition to whether it arose under the expired agreement.
 
 
 11
 This reading of the cases would not cut off any of the union's substantive rights. Kennicott only terminates the presumption of arbitrability; the union can still demand arbitration if it can prove by a preponderance of the evidence that the parties intended to arbitrate in this instance. Even if the union cannot prove a mutual intent to arbitrate, it nevertheless can enforce its contractual rights by bringing suit. Thus, even where there is not a presumption of arbitrability, remedies are available to the union if Young breaks its promises.
 
 
 
 [1]
 The plant was closed on December 11, 1986
 
 
 [2]
 Young contends that Fort Pitt Steel is simply wrong, but we cited it with approval in Graphic Communications, 794 F.2d at 1227