RESILIENT FLOOR DECORATORS IN-
SURANCE FUND, Resilient Floor Deco-
rators Vacation Fund, Resilient Floor
Decorators Pension Fund, and Resilient
Floor Decorators Joint Apprenticeship
Fund, Plaintiffs,

v.

HAY'S INSTALLATION, INC., a Michi-
gan corporation, Thomas Eugene Hay,
individually and d/b/a H & H Installers,
Defendants.

Civ. A. No. 81–70396.

United States District Court,
E. D. Michigan, S. D.

Feb. 19, 1982.

Christopher P. Legghio, Detroit, Mich.,
for plaintiffs.

Ronald G. Acho, Livonia, Mich., for de-
fendants.

## OPINION AND ORDER

FEIKENS, Chief Judge.

The plaintiffs (hereinafter "Funds")
brought this suit to collect past due benefit
contributions allegedly owing under a col-
lective bargaining agreement. Defendant
Thomas Hay incorporated Hay's Installa-
tion, Inc. (hereinafter "corporation") in
1977. The corporation laid flooring in com-
mercial buildings by contract with flooring
distributors. As president of the corpora-
tion, Hay signed a collective bargaining
agreement with the United Brotherhood of
Carpenters, Article III of which obligated
the corporation to contribute to benefit
funds administered by the plaintiffs.

The corporation claims that it has made
all of the required contributions and the
Funds do not deny this. The Funds argue,
however, that the corporation was no more
than the alter ego of Hay and that the
agreement binds Hay in all of the flooring
work he did. Hay admits that at the same
time he incorporated Hay's Installation, he
also hired or at least contracted with people
to lay flooring in residential buildings. For
the residential jobs he did business under
the name H & H Installations. Hay claims
that such an arrangement is common in the
flooring business: residential customers
could not afford union rates and jobbers,
like himself, therefore frequently incorpo-
rate only for commercial jobs and hire the
same crews for the residential work which
would not be covered by the collective bar-
gaining agreements entered into by the cor-
porations. Hay claims the United Brother-
hood of Carpenters (hereinafter "union")
knew of the arrangement from the start
and acquiesced.

I have already denied plaintiffs' motion
for summary judgment since defendant's

assertion about the union's acquiescence raises a question concerning the parties' understanding of the reach of the contract. Their understanding, of course, governs the scope of the contract and binds the Funds as mere third party beneficiaries. This opinion and order address and deny defendant's motion for summary judgment. Defendant claims that Article IV of the agreement obligated the Funds to arbitrate this dispute before seeking a judicial order. Article IV establishes a permanent joint grievance board to settle all grievances arising out of the operation of the agreement.

Plaintiffs argue that because they are independent of the union and are not parties but only third party beneficiaries to the agreement, they are not bound by its terms. This grossly misstates the law. The Funds' relationship to the defendants is completely contractual. See, Lewis v. Benedict Coal, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). The contributions they receive are contractual and that contract may well require them, even as third party beneficiaries, to arbitrate their grievances. A clause which requires all grievances be arbitrated, prima facie at least, would seem to reach the Funds.

Plaintiffs also rely on two district court opinions holding more narrowly that funds are not subject to arbitration clauses in contracts unless specifically made subject. The Western District of Michigan in Central States v. Gratiot Oil and Gas, 517 F.Supp. 811 (W.D.Mich.1981), and the Northern District of Illinois in Wishinck v. One Stop Food & Liquor, 359 F.Supp. 239 (N.D.Ill.1973), both held that because Congress intended funds to be beyond the control of the unions, they were not subject to arbitration clauses unless specifically made subject by the collective bargaining agreement.

Of course, this court is not bound to follow the decisions of other district courts and I also do not find the reasoning in these two opinions persuasive. Again, the mere independence of funds has nothing to do with whether or not they must specifically be required to arbitrate. As I have already stated, a clause that required arbitration of all grievances would prima facie appear to apply to grievances the third party beneficiary may have. Both districts cite and rely on the Supreme Court's opinion in Lewis v. Benedict Coal, supra. In that case the Court did find that Congress intended funds to be independent of unions and on the basis of this finding held that injuries to an employer because of a union's conduct did not necessarily allow the employer to set those damages off against his contributions to the funds. The Court further held that because of the employers' responsibility in managing as well as contributing to the funds, the Court would presume that an offset provision in the contract did not include the funds unless they were specifically included.

I do not find that the same policy reasons which require an explicit provision for offsets require that arbitration provisions be equally as explicit.[1] I am, consequently, not persuaded by plaintiffs' arguments.

Nonetheless, after my own perusal of the collective bargaining agreement, I find that the contract does clearly exclude the Funds from the necessity of arbitrating their claims. Article III, which requires the contributions be paid, also provides in paragraphs 13 through 15 for particular procedures to be followed when an employer fails to make the contributions. Paragraph 13 allows the Funds to request the union to strike; paragraphs 14 and 15 require the union upon the request of the Funds to take all appropriate action against an employer who violates the trust instrument of the Funds or who is delinquent in his contributions. Paragraph 16 further preserves to the Funds any available legal remedies.

It appears from these paragraphs that if anyone is required to arbitrate, it is the

---

1. This does not mean that other policy reasons might not make it desirable to require parties to specifically include funds if they intend that funds must arbitrate, I do not need to decide the issue. To repeat, I find only that Lewis is not adequate authority for the conclusions of the two district courts cited above.

 

union acting on behalf of and at the request of the Funds. The Funds, if they desire to act for themselves, must pursue legal remedies. I find that these more specific provisions of the contract supplant the general language of Article IV requiring arbitration of all grievances.

Defendant's motion for summary judgment is, therefore, and hereby, denied.